IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUSTIN SPIEHS, ) <br> ) <br>         **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> ANTHONY LEWIS, in his individual capacity ) <br> As Superintendent of Schools for Lawrence ) <br> USD 497 School District, et al., ) <br> ) <br>         **Defendants.** ) | Case No. 23-4121-TC-GEB |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

**I.    Statement of Nature of the Matter Before the Court and Relief Sought.** Plaintiff asserts claims in his Complaint (ECF No. 1), pursuant to 42 U.S.C. § 1983, against Defendants[1] for alleged violations of his rights guaranteed by the First and Fourteenth Amendments to the U.S. Constitution.  Plaintiff now comes before the Court and, in his Motion (ECF No. 4), p. 10, seeking a preliminary (or permanent) injunction enjoining Defendant Lewis and Defendant "Board" from enforcing a no trespass directive issued to Plaintiff prohibiting him from physically being on school district property.[2]  Plaintiff's request for injunctive relief should be denied for the reasons stated more fully herein.[3]

---

1    Defendants include USD No. 497's board clerk (sued in her individual capacity), superintendent of schools (sued in his individual capacity), three (3) former board members (sued in their individual capacities), five (5) current board members (sued in their individual capacities) and one (1) current board member (sued in his official capacity). Complaint (ECF No. 1), pp. 1-2 Caption & pp. 6-8 ¶¶ 6-16.

2    Plaintiff's Motion (ECF No. 4), p. 10, seeks injunctive relief only against the "Board" and superintendent. The "Board" is not a named defendant, nor could it be as it is not a legal entity which can sue or be sued under Kansas law.  K.S.A. 72-1131 & 72-1132.  Presumably, Plaintiff is using the term "Board" to refer to the five (5) current board members (sued in their individual capacities) and one (1) current board member (sued in his official capacity).

3    Defendants incorporate by reference their pending Motions to Dismiss and Memoranda in Support (ECF Nos. 21-22 & 24-31) as dismissal of Plaintiff's claims would render his requested injunctive relief moot.

1

**II.     Statement of Facts.** In order to succeed on a request for injunctive relief, "the movant [must] substantiate the claim that irreparable injury is likely to occur" and "provide proof that the harm has occurred in the past and is likely to occur again, or proof indicating that the harm is certain to occur in the near future. Wis. Gas Co. v. FERC, 758 F.2d 669, 674 (D.C.Cir. 1985). As a preliminary injunction is a drastic remedy, the right to relief must be "clear and unequivocal." Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975); see also 11 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2949, at 469 (1973) ("Evidence that goes beyond the unverified allegations of the pleadings and motion papers must be presented to support or oppose a motion for preliminary injunction.")

In this case, Plaintiff's Complaint (ECF No. 1) which is verified, actually provides evidence that defeats his claim for injunctive relief.  Specifically, in Paragraph 61 on pages 16-17 of the Complaint (ECF No. 1), Plaintiff provides the text of the email which purports to violate his constitutional rights. However, the text of this email clearly demonstrates that Plaintiff continued to have the ability to make comments to the board at its board meetings establishing that no First Amendment violation has occurred.  No evidence will be presented at the scheduled hearing on Plaintiff's Motion (ECF No. 4), that will establish anything to the contrary.  With no evidence within the Motion (ECF No. 4) or the Complaint (ECF No. 1), Plaintiff's requested injunctive relief should be denied.

**III.    Legal Argument and Authorities**

   **A.     Legal Standard.**  "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). When deciding whether to issue a preliminary injunction, the Court weighs four factors: (1) whether there is irreparable injury in the absence of the injunction, (2) the threatened injury to the moving party

outweighs the harm to the opposing party resulting from the injunction, (3) the injunction is not adverse to the public interest, and (4) the moving party has a substantial likelihood of success on the merits. Wester Energy, Inc. v. Lake, 552 F.3d 1215, 1224 (10th Cir. 2009). "The court must deny injunctive relief if the moving party fails to establish any requisite element, and the moving party must establish that it is entitled to injunctive relief by clear and unequivocal proof. Maximum, Inc. v. Thompson, 78 F.Supp.2d 1182, 1188 (citing Penn v. San Juan Hosp., Inc., 528 F2d 1181, 1185 (10th Cir. 1975)).

"Three types of preliminary injunction are disfavored: (1) preliminary injunctions altering the status quo, (2) mandatory preliminary injunctions, and (3) preliminary injunctions granting the moving party all the relief it could recover at the conclusion of a full trial on the merits. Id. Such injunctions require the likelihood of success on the merits and the balance of harms to weigh heavily in favor of the moving party. Id.; see also O Centro Espirita Beneficiente Unia Do Vegetal v. Ashcroft, 389 F.3d 973, 975-976 (10th Cir. 2004).  In the present case, Plaintiff is seeking injunctive relief that alters the status quo and relief that, if granted, would provide Plaintiff with all the relief he could recover at the conclusion of a full trial on the merits.  Further, the moving party must show that the requested injunctive relief would be effectual. See Thournir v. Buchanan, 710 F.2d 1461, 1463 & n. 2 (10th Cir. 1983). "It is black letter law that an injunction will not issue when it would be ineffectual." United States v. Parish of St. Bernard, 756 F.2d 1116, 1123 (5th Cir. 1985), *cert denied* 474 U.S. 1070 (1986).

**B.       Plaintiff does not have a constitutional right to be on school property.**[4]   Nor does his have a constitutional, or even a state statutory right, to be physically present at a school

---

4       *See* Hirt v. Unified Sch. Dist. No. 287, 2019 WL 1866321, at *10 (D. Kan. Apr. 24, 2019), *aff'd sub nom.* Clark v. Unified Sch. Dist. No. 287, 822 Fed. Appx. 706 (10th Cir. 2020); McCook v. Spriner Sch. Dist., 44 F. App'x 896, 910 (10th Cir. 2002) (noting plaintiffs "presented no authority establishing a constitutional right to go onto school property"); Cole v. Montague Bd. of Educ., 145 F. App'x 760, 762 (3rd Cir. 2005) ("As to the claim that the School

board meeting.  Hirt v. Unified Sch. Dist. No. 287, 2019 WL 1866321, at *6; Boster v. Philpot, 645 F. Supp. 798, 808 (1986).  Recognizing this, Plaintiff seeks to suggest that his inability to be physically on school district property some how infringes on his First Amendment rights because it prevents him from speaking to the board at a board meeting (which is untrue) and/or prevents him from hypothetically attending a church service that might be held on school grounds.  However, this suggestion is not supported by the directive by the superintendent, facially or as applied, and the facts, even as alleged in Plaintiff's Complaint (ECF No. 1) show that Plaintiff has, at all times, maintained the ability to make comments to the board, even though it may not be in the manner he prefers.  Plaintiff lacks standing to pursue a claim for alleged violation of his right to associate and exercise religion by virtue of hypothetically being unable to attend church services that may be held by a church renting space on school property, because he has plead no facts which would establish standing for him to assert such claims.[5]

Alternative channels of communication need not be the best means of communication, so long as the intended audience can still be reached.[6]  As is set out in the Complaint (ECF No. 1), pp. 16-17 ¶ 61, the December 6, 2023, email from USD No. 497's superintendent to Plaintiff provides that Plaintiff is "still not permitted to be on any USD 497 property as a result of the no

---

Board violated the Coles' due process rights by 'illegally' banning them from school property, this contention plainly lacks merit."); Lovern v. Edwards, 190 F.3d 648, 655-56 (4th Cir. 1999) (claim "that school administrators must provide [plaintiff] with boundless access to school property are 'obviously without merit' " (citation omitted)); Silano v. Sag Harbor Union Free Sch. Dist. Bd. of Educ., 42 F.3d 719, 724 (2nd Cir. 1994) ("The Superintendent's order forbidding Silano from entering the school grounds also fails to implicate a protected liberty or property interest."); Henley v. Octorara Area Sch. Dist., 701 F. Supp. 545, 551 (E.D. Pa. 1988) ("The right to come onto the school property was not such a right as to require any sort of a due process hearing before making the classification that excluded Mr. Henley."); Warkevicz v. Berwick Area Sch. Dist., 2016 WL 3753108, at *4 (M.D. Pa. July 14, 2016) ("However, established law in this and other circuits is exactly to the contrary: to ensure the safety and wellbeing of a school district's constituents, removal or exclusion of a member of the public from school district property without a hearing does not violate a constitutional right and consequently is not so actionable."); cf. Cyr v. Addison Rutland Supervisory Union, 60 F. Supp. 3d 536, 546 (D. Vt. 2014) ("[T]here is no First Amendment right of access to a school board meeting.").

5       Complaint (ECF No. 1), pp. 36 - 38, ¶¶ 147 – 159.
6       Phelps-Roper v. Strickland, 539 F.3d 356, 372-73 (6th Cir. 2008).

trespass issued to [him] by LKPD on October 26, 2021, on behalf of USD 497." However, this email goes on to provide that Plaintiff is "still permitted to access our School Board meetings at the link provided here" and is "still permitted to provide public comment by signing up in advance by emailing Public Comment@usd497.org by 6 p.m. on the day of a board meeting" and participating "via Webex video/phone conferencing." At the very next school board meeting held December 11, 2023, Plaintiff attended via WebEx and provided comments to the board. Fed.R.Evid. 201; https://www.youtube.com/watch?v=iN5ogfRmADM. There is little chance of success on the merits where Plaintiff has not suffered any constitutional deprivation based on both the face of the challenged action and on how that action is applied to him.

Moreover, a rational basis exists for Plaintiff to not be allowed on school property. On October 26, 2021, Plaintiff was first advised that he could not physically be on USD No. 497's property by the City of Lawrence Police on October 26, 2021, at the direction of USD No. 497's superintendent of schools as a result of an incident that occurred at the Lawrence High School where Plaintiff created a disturbance at a student event by refusing to wear a mask. Complaint (ECF No. 1), pp. 13-14, ¶¶ 43 & 45. A little over two (2) weeks later, on November 13, 2021, Plaintiff was arrested by the City of Lawrence Police on suspicion of two counts of aggravated assault with a deadly weapon in connection with a vaccine clinic for children aged 5-11 being held by the Lawrence-Douglas County Public Health Department on USD No. 497 property (West Middle School). State of Kansas v. Justin Paul Spiehs, Case No. 2021-CR-001092. In August of 2022, Plaintiff plead guilty to two misdemeanor charges and was sentenced to a year on probation. Id.

Plaintiff must also show that the requested injunctive relief would be effectual. See Thournir v. Buchanan, 710 F.2d 1461, 1463 & n. 2 (10th Cir. 1983). "It is black letter law that an

injunction will not issue when it would be ineffectual." United States v. Parish of St. Bernard, 756 F.2d 1116, 1123 (5th Cir. 1985), *cert denied* 474 U.S. 1070 (1986).  Here, the injunctive relief would not be effectual because the parties do not have the authority to effectuate the injunctive relief. Although the current board members, sued in their individual capacities, as well as the board member sued in his official capacity, can vote on a motion or resolution as part of an action by the board as a whole, individually they lack the capacity to effectuate the equitable relief sought by Plaintiff.  Rather such power only resides with the board as a whole.[7]  Because K.S.A. 72-1416 gives control of school property to the board of education, the superintendent similarly lacks authority to effectuate the injunctive relief sought.

Plaintiff has not suffered any irreparable injury.  Heideman v. S. Salt Lake City, 348 F.3d 1182, 1189 (10th Cir. 2003).  Plaintiff has not proven that his speech has been restricted by not being able to be physically on school property.

**IV.** **Conclusion.**  For the foregoing reasons, Plaintiff has failed to meet his heightened burden to show a likelihood of success and fail to even establish standing for the claims asserted against Defendants. Defendants respectfully request this Court deny, Plaintiff's request for preliminary injunction, and grant any other relief the Court deems just and equitable.

---

7       See Barrett v. Univ. of N.M. Bd. of Regents, 562 F. App'x 692, 694 (10th Cir. 2014); Klein v. Univ. of Kan. Med. Ctr., 975 F. Supp. 1408, 1417 (D. Kan. 1997); Gorenc v. Klaassen, 421 F.Supp.3d 1131 (D.Kan. 2019).

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, 300
Kansas City, Kansas  66103
Telephone: (913) 371-3838
Facsimile: (913) 371-4722
E-mail: ggoheen@mvplaw.com

By: /s/ Gregory P. Goheen
  Gregory P. Goheen     #16291
  Alan T. Fogleman      #25004
  Chase J. Pumford      #28663

Attorneys for Defendants Anthony Lewis, Alyse Donnell, Kelly Jones, Shannon Kimball, Carole Cadue-Blackwood, Paula Vann (a/k/a Paula Smith), GR Gordon-Ross, Bob Byers, Erica Hill, Andrew Nussbaum and Kay Emerson

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of February, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Linus L. Baker
6732 West 185th Terrace
Stillwell, KS 66085-8922
Counsel for Plaintiff

/s/ Gregory P. Goheen

7