## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **JUSTIN SPIEHS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 23-4121-TC-GEB** |
| **v.** | ) | |
| | ) | |
| **USD 497, DOUGLAS COUNTY, KANSAS** | ) | |
| **LAWRENCE KANSAS SCHOOL DISTRICT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PROTECTIVE ORDER

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because Plaintiff has asserted claims that Defendant violated his civil rights when it restricted his speech during public meetings and banned him from district property for not wearing a mask. Documents which may be produced in this case may contain confidential financial information regarding Plaintiff and confidential business records, employment or financial information regarding current and/or former employees, employees or vendors of Defendant. Defendant USD No. 497, as an educational institution, is subject to the provisions of the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g; 34 CFR Part 99, and the Kansas Student Data Privacy Act, K.S.A. 72-6312 through 72-6320, and

are bound by state and federal law to protect disclosure of student records under FERPA or student data under the Kansas Student Data Privacy Act. The parties seek to protect both the parties, students and other persons from potential annoyance and embarrassment, as well as to safeguard confidential employee and proprietary information.

Subject to applicable law and rules, discovery sought in this case may include the following confidential information from the parties: educational records protected by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g; 34 CFR Part 99, and the Kansas Student Data Privacy Act, K.S.A. 72-6312 through 72-6320, compensation, tax and financial information; employment and personnel records; non-public confidential information and documents regarding Defendant's business operations and policies and procedures; and other personal information of the parties. Fed.R.Civ.P. 26(c) states that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." To establish good cause, a part must provide "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co., v. Bernard*, 452 U.S. 89 (1981). Here, the parties state that certain confidential information will be the subject of discovery. Specifically, disclosure of the personnel and health records at issue would result in a clearly defined and very serious injury (or injuries). Good cause exists for the issuance of a protective order, including the fact that certain documents are subject to FERPA.

As there is a presumption in favor of open and public judicial proceedings in federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

Upon joint motion and stipulation by Plaintiff and Defendant, pursuant to Rule 26(c) of Federal Rules of Civil Procedure, for entry of a protective order to ensure and maintain the

confidentiality of certain information to be produced by the Parties and for good cause shown, it is hereby **ORDERED:**

     **1.**     As used in the Protective Order, these terms have the following meanings:

     **a.**     "Attorneys" means counsel of record;

     **b.**     "Documents" are all documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom, including any documents stored in electronic form;

     **c.**     "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

     **d.**     "Written Assurance" means an executed document in the form attached hereto as Attachment A.

     **2.**     Definition of Confidential Information.  As used in this Order, "Confidential Information" is defined as information that the producing party has maintained in a confidential manner to include medical and healthcare records protected by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g; 34 CFR Part 99, and the Kansas Student Data Privacy Act, K.S.A. 72-6312 through 72-6320; compensation, tax and financial information; employment and personnel records; non-public confidential information and documents regarding Defendant's business operations and policies and procedures; and other personal information of the parties that should be protected from disclosure and should not be used outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties.  A Party may designate a document as containing "Confidential Information" and therefore subject to protection under this Order,

by stamping or labeling each page of the document with the word "Confidential" hereinafter, "the marking". Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney thereby certified that the document contains Confidential Information as defined in this order. Any party receiving documents marked as confidential shall treat the documents as confidential absent agreement or ruling to the contrary. Information or documents that are available to the public may not be designated as Confidential Information.

3.    All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of the above-captioned Action, including any appeals (or any other related legal proceeding brought by one of the parties to this litigation), and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in anyway the documents or their contents to any person other than those specified in this order.

4.    Access to any Confidential document shall be limited to:

a.    The Court and court personnel including any special master or mediator appointed by the Court, and members of the jury;

b.    Counsel of record for the parties, their law firms, including associate attorneys, paralegals, and secretarial and clerical staff; and their investigators;

c.    Persons shown on the face of the document to have authored or received

it;

     **d.**     Court reporters an persons operating video recording equipment engaged for depositions;

     **e.**     The parties to this action, and any officers, board members, directors, agents or employees of the parties;

     **f.**     Representatives of defendant's insurers;

     **g.**     Consultants and/or experts retained specifically to furnish assistance or services to any party;

     **h.**     Any mediator appointed by the Court or jointly selected by the parties;

     **i.**     Any person not employed by a party who is expressly retained by a party, or counsel of record of a party, to assist in litigation of this action, with disclosure of "Confidential" materials only to the extent necessary to perform such work;

     **j.**     Any potential, anticipated, or actual fact witnesses and/or non-party deponent and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining the facts or in testifying;

     **k.**     Outside Vendors to include independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation.

     **l.**     Such other persons who may be specifically designated and qualified to receive Confidential Information pursuant to Court order or agreement of the parties. Each person appropriately designated pursuant to paragraphs 5(g)-5(k) to receive Confidential Information shall execute a "Written Assurance" in the form attached as Attachment A.

5.      Third parties producing documents in the course of this action may also designate documents as confidential, subject to the same provisions and constraints as the parties to the action. A copy of this Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as confidential for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of this Protective Order.

6.      All depositions or portions of depositions taken in this action that contain Confidential Information may be designated confidential and thereby obtain the protections accorded other confidential documents. Confidentiality designations for depositions or portions of depositions shall be made either on the record or by written notice to the other party within 30 days after counsel receive the transcript, and by marking the initial page of the deposition with the word "Confidential." Exhibits contended to be confidential shall be marked in the same manner as other confidential documents pursuant to paragraph 2. There shall be no need to re-designate documents or exhibits which have been previously designated as confidential. Unless otherwise agreed, depositions shall be treated as confidential during the 30-day period following receipt of the transcript. Any Non-Party attending a deposition shall agree on the record at the start of the deposition to be bound by the terms of this Protective Order, should Confidential Information be discussed.

7.      Any party who inadvertently fails to identify a document as confidential shall, promptly on discovery of the oversight, provide written notice of the error and substitute appropriately designated documents. Any party receiving such improperly designated documents shall retrieve such documents from persons not entitled to receive these documents and, upon

receipt of the substitute documents, shall return or destroy the improperly-designated documents.

**8.**     Counsel of record for the parties shall not unnecessarily disclose Confidential Information on the public record of this proceeding or in written arguments or memoranda submitted to the Court.  However, counsel shall have the right to file or deposit with the Court any Confidential Information at any time if such filing or deposit is necessary and intended in good faith to support any party's prosecution or defense of this action.  If a party files with the Court a document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, complying with this court's under-seal filing procedure set forth in  D. Kan. Rule 5.4.2.

**9.**     Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion.  If the motion is granted and the requesting party is permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Nothing in this Order will be construed to affect or limit the use of any document, material or information at any trial or hearing. The court may hereafter make such other or further orders as may be necessary to govern the use of such documents or information at any hearing or trial. Should a party intend to use Confidential Information at any trial or hearing, the intended use must first be disclosed to the opposing party so that objection or other arrangements may be made to protect against public disclosure.

10.      This Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter. Any party may move the Court to change any designations, with notice to any third party involved in the designation. Any information designated as Confidential shall be treated as Confidential Information until a change is ordered. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidential designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The party asserting that the material is confidential bears the burden of proving that the information is within the protections of Fed. R. Civ. P. Rule 26(c).

11.      Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of this litigation. The Court's jurisdiction to enforce the provisions of this Order shall be terminated upon the final disposition of this case, unless and until a party seeks leave to reopen the case to enforce the provisions of this Order. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the designating party all documents designated by the designating party or third party as Confidential, all copies of such documents as well as any extracts or data taken from such documents. Additionally, all persons who received any confidential documents from any party shall return to counsel who provided such documents all copies of said documents that are in the possession of such person(s) as well as any extracts or data taken from such documents and said counsel shall destroy or return these documents as set out above. Each party shall provide a certification as to such return or destruction within the 60-day period. However, attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated

in connection with the action.

12.    Any party may apply to the Court to modify this Protective Order, and nothing in this Protective Order shall prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

13.    No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility, relevance, authenticity, or foundation of any documents, material, transcript or other information.  Moreover, nothing in this Order or the fact that a party has consented to entry of the Order constitutes an agreement to provide any confidential record or information, or constitutes a determination as to the propriety or enforceability of any subpoena or discovery request, or constitutes a waiver of any objection to any subpoena or discovery request, or constitutes a determination as to the discoverability or admissibility of any document or information.

14.    Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date.  Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within ten (10) days, regardless of whether the receiving party agrees with the claim of privilege and/or work-

product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

15.     This Order is entered based on the representations and agreements of the parties and for purposes of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under the Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

16.     This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties and persons made subject to this Order by its terms.

**IT IS SO ORDERED**

Dated March 12, 2025 at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **JUSTIN SPIEHS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 23-4121-TC-GEB** |
| **v.** | ) | |
| | ) | |
| **USD 497, DOUGLAS COUNTY, KANSAS** | ) | |
| **LAWRENCE KANSAS SCHOOL DISTRICT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ATTACHMENT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I,_____, declare that:

I reside at _____in the City of _____,

County of _____, State of _____. I am currently employed

by_____,

located at _____, and my current job title is _____.

I certify that I have read and I understand the terms of the Protective Order dated

_____, 2025, filed in **23-4121-TC-GEB**, pending in the United States District

Court of Kansas. I agree to comply with and be bound by the provisions of the Protective

Order. I shall not divulge any documents or copies of documents, or other information

designated as confidential pursuant to the Protective Order, or the contents of such documents,

to any person other than those specifically authorized by the Protective Order. I shall not copy

or use such documents except for purposes of this action and pursuant to the terms of the

Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall

return to the attorney from whom I have received them, any documents in my possession

designated confidential, and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Kansas for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

_____
(Signature)

Executed on: _____ (Date)

12