# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUSTIN SPIEHS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| ) | Case No. 23-4121-TC-GEB |
| USD 497, DOUGLAS COUNTY, KANSAS ) | |
| LAWRENCE KANSAS SCHOOL DISTRICT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## REPORT AND RECOMMENDATION
## REGARDING PLAINTIFF'S SECOND MOTION TO AMEND COMPLAINT
## (ECF No. 67) AND NOTICE

This matter is before the Court on Plaintiff's Second Motion for Leave to Amend Complaint (ECF No. 67). The Court also considered supplemental briefing on the application of qualified immunity to proposed additional Defendants, Superintendent Jeanice Swift and the presiding Board President, Kelly Jones. Upon review of all briefing in this matter; Plaintiff's Motion (ECF No. 67); Defendant's Response in Opposition (ECF No. 68); Plaintiff's Reply (ECF No. 69), Plaintiff's Response to Order ECF No. 71 (ECF No. 72); Defendants' Response (ECF No. 73); and Plaintiff's Supplement (ECF No. 76), the Court recommends Plaintiff's Motion **(ECF No. 67)** be **DENIED** for the reasons outlined below.

**I.     Notice**

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if the party seeks appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

**II.    Background[1]**

Plaintiff's initial claims included allegations against multiple Defendants associated with the Lawrence Kansas School District and School Board ("the Board") claiming violations of his First Amendment and Fourteenth Amendment rights regarding a no-trespass order imposed, prohibiting him from "personally attending school board meetings" in October 2021. While the 2021 no-trespass order prohibited Plaintiff from in-person attendance, he was permitted to attend meetings and provide public comment via the Webex platform.

Here, again, Plaintiff alleges virtually identical constitutional violations under the First and Fourteenth Amendment resulting from the 2021 no-trespass order, when former Defendant Superintendent Anthony Lewis denied Plaintiff in-person attendance of Board meetings, per the 2021 no-trespass order, and allowed Plaintiff's attendance by Webex, in a December 6, 2023 email. Plaintiff alleges his rights were further violated when he

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1) and Amended Complaint (ECF No. 50). This background information should not be construed as judicial findings or factual determinations.

attended Board meetings by Webex on April 25, 2022 and May 23, 2022 and his connection was terminated at each for violation of the Board's public commentary policies, specifically regarding naming students and staff and using obscene language. Plaintiff asserts the Board's public commentary policies, amended after his final May 2022 removal in June 2022 and November 2023, amount to viewpoint discrimination and retaliation against him, are unconstitutionally vague, and these wrongs are ongoing.

In February 2024, pursuant to Fed. R. Civ. P. 12(b) Defendants moved to dismiss these claims in a series of Motions (ECF Nos. 21, 26, 28, & 51). The District Judge largely granted Defendants' Motions to Dismiss finding, while Plaintiff makes a potentially viable claim for viewpoint discrimination based on the Board's Webex activity, his claims against the 2021 no-trespass order are barred by the statute of limitations (ECF No. 58 at 9). The statute of limitations was also found to bar Plaintiff's claim regarding a ban from church services on district property (ECF No. 58 at 9-10). The District Judge rejected Plaintiff's arguments for a toll of the statute of limitations under the continuing violations doctrine and the repeated violations doctrine, finding the issuance of the original 2021 no-trespass order was the source of Plaintiff's alleged wrongs, and he neither filed any claims in this regard, nor did he seek relief within two years of any such actions (ECF No. 58 at 9). Plaintiff's claims regarding attendance of a church service on school district property lacked standing because such claims were void of an injury-in-fact and were subject to dismissal (ECF No. 59 at 10 n. 3). Individual Defendants, Alyse Donnell, Erica Hill, and Anthony Lewis were also dismissed from the case where qualified immunity barred suit (ECF No. 58 at 19-24). The Court further found Plaintiff's claims based on enforcement of

3

the Board's public commentary policies are now moot, where the Board amended the policies in June 2022 and November 2023, after Plaintiff's latest removal from Board meetings in May 2022 (ECF No. 58 at 12-13).

Plaintiff then filed this Second Motion for Leave to Amend on April 2, 2025. He now purports to remove the claims against former Superintendent Anthony Lewis and replace them with identical claims against now acting Superintendent Jeanice Swift (ECF No. 67 at 1) for continuing the alleged viewpoint discrimination by enforcing the 2021 no-trespass order. Plaintiff also seeks to add facts regarding viewpoint discrimination by the presiding Board President, Kelly Jones, for the termination of his Webex connection at the April and May 2022 Board meetings based on the Board's public commentary policies. Lastly, he seeks to add facts supporting an alleged injury-in-fact for his First Amendment claim regarding Plaintiff's requested attendance of Free City Church, which conducts its' church services on USD 497 property (ECF No. 67 at 2). Defendants[2] filed their Response in opposition asserting futility in amendment, and Plaintiff replied. The briefing is complete and Plaintiff's Motion is now ripe for determination.

## II. Legal Standard

The standard for permitting a party to amend his pleadings is well established. A party may amend a pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), either

---

[2] Per the Order granting in part and denying in part Defendant's Motion to Dismiss (ECF No. 58), the only remaining Defendant in the matter is USD 497, Douglas County, Kansas Lawrence Kansas School District. However, where Plaintiff's proposed amendment seeks to add claims against the remaining Defendant and the proposed additional Defendants, Jeanice Swift and Kelly Jones, and Defendant referenced themselves as plural in some responsive briefing (ECF No. 73), the party is referenced as Defendants throughout for efficiency and clarity.

before the responding party answers or within 21 days after service of a responsive pleading. However, in cases such as this, where the time to amend as a matter of course has passed without the opposing party's consent, a party may amend its pleading only by leave of the court under Rule 15(a)(2) which provides leave "shall be freely given when justice so requires."

The decision to grant or deny leave to amend is within the sound discretion of the Court.[3] And, "[I]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."[4] "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[5]

However, futility of amendment is adequate justification to deny leave to amend.[6] A court is "justified in denying the motion to amend if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim."[7] When considering if amendment is futile, the Court must "accept the facts alleged in the complaint as true and

---

[3] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[4] *Id.*
[5] *Id.*
[6] *Schepp v. Fremont Cnty.,* 900 F.2d 1448, 1451 (10th Cir. 1990) (citing *Foman*, 371 U.S. at 182).
[7] *Id.*

5

view them in the light most favorable to the plaintiff."[8] And Defendants hold the burden of establishing futility.[9]

## III. Discussion

Plaintiff asserts his proposed amendments are necessary to substitute Superintendent Lewis with the acting Superintendent Swift for her ongoing decision not to lift the 2021 no-trespass order against Plaintiff, to set forth the facts necessary to support the third, now labeled second, cause of action based on First Amendment violations for failing to allow Plaintiff to participate in religious services at Free City Church, and to support a claim for viewpoint discrimination and enforcement of unconstitutionally vague Board policies by the presiding Board President, Kelly Jones (ECF No. 67). In their Response, Defendants argue Plaintiff's amendment is a thinly veiled attempt to circumvent the Court's Order (ECF No. 58) and revisits previously dismissed claims against the Board and the individual Defendants (ECF No. 68). Defendants further argue, Plaintiff's amendment would be futile due to the statute of limitations and would therefore be subject to another Motion to Dismiss (ECF No. 68 at 3). Plaintiff replies the 2021 no-trespass order is now being enforced by Superintendent Swift and is a "discrete act" causing continuous injury to Plaintiff (ECF No. 69). Further, Plaintiff denies the amendment is futile because it cures the standing deficiencies in their claim regarding Free City Church attendance (*Id.*).

---

[8] *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).
[9] *Prairie Band Potawatomi Nation v. Morse*, No. 24-4066-KHV-RES, 2025 WL 823246, at *2 (D. Kan. Mar. 14, 2025).

The Court disagrees with Plaintiff's position and finds Defendants met their burden in establishing futility of amendment.

Since Defendants do not oppose amendment based on undue delay, bad faith, or dilatory motive on the part of the Plaintiff, nor do Defendants allege undue prejudice, the Court need not weigh these factors against amendment. However, upon consideration of the parties' briefing, viewed in the light most favorable to Plaintiff, the Court finds Plaintiff's amendment futile on the basis of the statute of limitations, qualified immunity, and mootness and therefore recommends denial of Plaintiff's Motion (ECF No. 67).

### a. Futility – Statute of Limitations

The District Judge was clear in his determination, the time to sue over the no-trespass order imposed against Plaintiff in 2021 has passed (ECF No. 58 at 10). Therefore, all of Plaintiff's claims that did not arise within two years of this suit, are barred by the statute of limitations (ECF No. 58 at 9). And, where Plaintiff does not allege a new date for the imposition of the no-trespass order, yet only alleges mere continued imposition of the Order by a new individual, proposed Defendant Superintendent Swift, the amendment would be subject to the same finding of dismissal for failure to bring the action within two years of the 2021 no-trespass order and is therefore, futile.[10]

Next, Plaintiff's attempt to add facts to support standing regarding the First Amendment claim for participation in religious services at Free City Church appear to this Court to be irrelevant where the claim is subject to the same time bar of the 2021 no-

---

[10] *Schepp,* 900 F.2d at 1451 (citing *Foman,* 371 U.S. at 182).

trespass order its' based upon (ECF No. 58 at 10). Additionally, even without the time bar, the pleadings still lack an injury-in-fact because the described conduct is not factually related to the 2021 no-trespass order issued by the Board.

Plaintiff now alleges he emailed acting Superintendent Swift about attending Free City Church services on district property and received no response. But it appears to the Court, Free City Church is operated separately from the school district and only uses school district property to worship. There are no allegations that the Board exercises control over attendance at Free City Church, and this Court would be hard pressed to believe any evidence will be produced to that effect. Thus, any claims around preclusion of attendance of Free City Church, not operated or controlled by the Board, fails to support an injury-in-fact caused by the Board's 2021 no-trespass order. And any such claims fail to support Plaintiff's claims against the Board. The Court therefore recommends denial of the proposed amendment.

### b.   Futility – Qualified Immunity

The claims against former Superintendent Lewis were already dismissed on qualified immunity grounds (ECF No. 58). Further, Plaintiff's claims based on the Board's public commentary policies were already found moot where the Board amended the policies in June 2022 and November 2023, after Plaintiff's removal from meetings (ECF No. 58 at 12-13). Yet Plaintiff here again seeks to add claims against individual Defendants, acting Superintendent Jeanice Swift and the presiding Board President, Kelly Jones. But these individual Defendants should be entitled to the same immunity from viewpoint discrimination suit. Plaintiff's claims related to the same amended Board

policies should remain moot, and the claims against these individual Defendants should be subject to the same judicial finding of dismissal.

The Court requested additional briefing on the issue of qualified immunity to address futility of amendment for the individual Defendants Plaintiff seeks to add (ECF No. 71). Defendants contend qualified immunity also applies to both Superintendent Swift and former Defendant Jones and note, at the time Defendant Jones was previously dismissed, a Motion to Dismiss on her behalf based on qualified immunity was pending (ECF No. 73 at 1). Defendants further argue Plaintiff bears the burden to establish the particular conduct is a violation of clearly established law,[11] and Plaintiff cannot meet this burden as it relates to both Superintendent Swift and former Defendant Jones, based on the enforcement of the same 2021 no-trespass order and public commentary policies the District Judge previously found to lack clearly established law (ECF No. 73 at 2-3). Plaintiff in his Response (ECF No. 76), cites two out-of-circuit cases from the Western District of Missouri and the Western District of Louisiana where the courts found it is clearly established that "restrictions on speech in a limited public forum must be reasonable and view-point neutral," and found the school board's motivation for silencing the plaintiffs was viewpoint discrimination.[12]

Seeking amendment to add the individual Defendants should also be deemed futile based on qualified immunity and mootness. Plaintiff is well aware the case law he cites is

---

[11] *Mullenix v. Luna*, 577 U.S. 7, 12 (2015).
[12] *Vollmecke v. Independence School District v. Independence School District*, 753 F,Supp 3d. 792, 808 (W.D. Mo. 2024); *Mejia v. Lafayette Consolidated Government*, No. 23-0307, 2025 WL 890525, *7 (W.D. La March 20, 2025).

9

not controlling in this District. In fact, the Tenth Circuit holds, a "constitutional right is clearly established when *a Tenth Circuit precedent* (emphasis added) is on point, making the constitutional violation apparent."[13] So, no out-of-circuit case law is relevant to the question now before this Court of a clearly established constitutional violation in the District of Kansas. And it has already been established, Plaintiff's claims around the no-trespass order imposed in 2021 are time-barred.

But even if Tenth Circuit law had been cited by Plaintiff, and the time bar of the 2021 no-trespass order was nonexistent, Plaintiff still struggles to establish the individual Defendants violated clearly established law. The District Judge previously and thoroughly analyzed individual Defendants' enforcement of the Board's policies, and found they would have "no reason to know that the Board policy discriminated on the basis of viewpoint," because courts are still grappling with the question.[14] Further, the District Judge found Plaintiff's claims regarding the Board's public commentary policies are now moot, where the Board amended the policies after Plaintiff's last removal.[15] And, simply adding new defendants is insufficient to change these findings. Plaintiff attempts to add claims against acting Superintendent Swift alleging she is, in essence, enforcing the 2021 no-trespass order by not responding to emails about his request to attend Free City Church services, and because she denied Plaintiff's in-person attendance at Board meetings, as well as against former Defendant Jones for interrupting Plaintiff to enforce warnings on

---

[13] *Apodaca v. Raemisch*, 864 F.3d 1071, 1076 (10th Cir. 2017).
[14] ECF No. 58 at 23.
[15] ECF No. 58 at 12-13.

the Board's public commentary policies, and ultimately removing Plaintiff by Webex for violation of these policies.[16]

It is this Court's view the District Judge's analysis is still applicable to these individual Defendants' alleged actions enforcing the Board's policies. Superintendent Swift and former Defendant Jones' have no reason to know the Board's policies discriminate on the basis of viewpoint.[17] Even if they did, Plaintiff's claims based on the Board's old policies, amended in June 2022 and November 2023, are moot.[18] Thus, Plaintiff failed to meet his burden to establish individual Defendants' enforcement of the Board's policies was a violation of clearly established Tenth Circuit law, and both Defendants should be deemed immune from viewpoint discrimination suit, for the same reasons as their predecessors. Therefore, any amendment to add new Defendants, Superintendent Jeanice Swift and the presiding Board President, Kelly Jones appears futile and moot, and this Court recommends Plaintiff's Second Motion to Amend Complaint be denied.

## IV. Conclusion

Because Plaintiff's Motion brings no new facts regarding the date the 2021 no-trespass order was imposed against Plaintiff, the proposed amended claims should remain

---

[16] ECF No. 67-1.

[17] ECF No. 58 at 23; *See City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 52 (1986) (discussing valid regulations aimed at the "secondary effects" of speech); *Pollak v. Wilson*, No. 22-8017, 2022 WL 17958787, at *2 (10th Cir. Dec. 27, 2022) (reasoning that an analogous policy did not discriminate on the basis of viewpoint under Tenth Circuit precedent). *See also Dr. John's, Inc. v. City of Roy*, 465 F.3d 1150, 1158-60 (10th Cir. 2006) (finding a policy that "gives officials some discretion" is not unconstitutionally vague).

[18] *See Equal Emp. Opportunity Comm'n v. CollegeAmerica Denver, Inc.*, 869 F.3d 1171, 1173 (10th Cir. 2017).

barred by the statute of limitations. Amendment to any claims involving the 2021 no-trespass order in this matter should be deemed futile. Further, claims based on a lack of response to Plaintiff to attend Free City Church, still fail to state a claim upon which relief can be granted and are deemed futile. And, considering the application of qualified immunity as a bar to viewpoint discrimination suit and the mootness of Plaintiff's claims regarding the Board's policies, the addition of the claims against individual Defendants, Superintendent Jeanice Swift and the presiding Board President, Kelly Jones, are also futile.

**IT IS THEREFORE RECOMMENDED** Plaintiff's Second Motion for Leave to Amend Complaint (**ECF No. 67**) be **DENIED** for futility of amendment.

**IT IS SO ORDERED.**

Dated this 28th day of July 2025.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge